IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| DONALD RAY MILLER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-13-1048-R |
|  | ) |  |
| HECTOR RIOS, Warden, et al., | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.[1] United States District Judge David L. Russell has referred this case to the undersigned for preliminary review, entry of orders on non-dispositive matters, and the submission of recommendations as to dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, the undersigned finds the action to be untimely and recommends that it be **DISMISSED** upon filing.

## BACKGROUND

Petitioner is challenging his conviction following a plea of guilty to the following charges: child neglect; enabling child abuse; and enabling child neglect. Petition, 2;

---

[1] Although Petitioner brought this habeas action under 28 U.S.C. § 2241, he is not challenging the execution of his sentence. Accordingly, the undersigned entered an order, ECF No. 6, requesting Petitioner to inform the Court as to whether he wishes to have the action recharacterized as one arising under 28 U.S.C. § 2254. Petitioner has responded, stating that he does wish the Court to consider his Petition under § 2254. ECF No. 7. The undersigned notes that Petitioner's response to the Court's order is designated as a "Motion to Clarify (re-characterization)." However, the document is clearly filed in response to the undersigned's previous order, and presents no motion for disposition. **Accordingly, the Court Clerk is hereby directed to show the purported "motion" contained in ECF No. 7 to be administratively terminated.**

Case No. CF-2010-5136, District Court of Oklahoma County. He was sentenced to 20 years imprisonment for each conviction, to be served concurrently. Petition, Ex. B. Petitioner did not move to withdraw his plea or file a direct appeal from his convictions.

Petitioner attacks his convictions on one ground: that he received ineffective assistance of trial counsel. Petition, 6. Petitioner claims that his trial counsel was ineffective in two respects. First, he claims that trial counsel told him that he could later seek modification of his sentence, but failed at the time of the plea to seek the required consent of the district attorney for leave to file a future motion for sentence modification. Petition, [6a]; ECF No. 1:6. Second, he claims that his attorney was ineffective "for allowing him to accept a plea when he clearly had mental issue(s) that hadn't been addressed prior to pleas through mental evaluation(s)/competency hearing(s)." *Id.*

## SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has such notice by this Report and Recommendation, and he has an

opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007). Finally, a Court may dismiss a § 2254 habeas petition *sua sponte* only if the petition is clearly untimely on its face. *Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the Petition and the materials attached thereto shows that it is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for habeas actions. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C) or (D), the limitations period generally begins to run from the date on which the conviction becomes final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not raised facts that would implicate any provision other than § 2244(d)(1)(A), and so the timeliness of his petition will be evaluated under that provision. Although Petitioner, as noted above, explained that he did not realize a motion for sentence modification following a conviction pursuant to a plea of guilty required consent of the district attorney, he describes that argument as one seeking equitable relief from the AEDPA timeliness provision. Accordingly, it will be addressed below in connection with the undersigned's discussion of whether equitable tolling is available in this case.

Petitioner's judgment and sentence was issued pursuant to his plea of guilty on January 5, 2011. Petition, 2. Case No. CF-2010-5136, District Court of Oklahoma County, Docket. Petitioner had ten days from that date to move to withdraw his guilty plea. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his convictions became final for limitations purposes on or about January 15, 2011. *Fisher v. Gibson,* 262 F.3d 1135, 1142 (10th Cir. 2001) (stating that petitioner's three convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction

4

and citing Rule 4.2). Therefore, the one-year limitations period began to run on January 16, 2011, and expired on January 16, 2012. *See Haws v. Jorgenson,* No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted)); *Malone v. State,* Nos. 03–6246, 03–6175, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (one year limitations period should be calculated using anniversary date method). The petition herein was filed September 27, 2013, over a year and a half after the limitations period expired. Petition, 2. Thus, absent statutory or equitable tolling, the petition is untimely.

## STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed a motion for sentence modification on November 11, 2011, and it was denied on November 14, 2011. Oklahoma State Courts Network, Docket No. CF-2010-5136, http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=cf-2010-5136&db=Oklahoma&submitted=true (accessed January 30, 2014). Thereafter, he filed an application for state post-conviction relief on July 2, 2012. Petition, 4. Relief was denied, and the Oklahoma Court of Criminal Appeals affirmed. Case No. PC-2012-779 (Sept. 13, 2013); Oklahoma State Courts Network, Docket No. PC-2012-779, http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=PC-2012-779&db=Appellate&submitted=true (accessed Jan. 30, 2014). Assuming without

deciding that Petitioner's motion for sentence modification would serve to statutorily toll the AEDPA limitations period, it was only tolled for the four days the motion was pending. Oklahoma State Courts Network, Docket No. CF-2010-5136, http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=cf-2010-5136&db=Oklahoma&submitted=true (accessed January 30, 2014). Adding four days to the limitations period renders an expiration date of January 20, 2012. Petitioner's application for state post-conviction relief was not filed until July 2, 2012, and so would not serve to further toll the AEDPA period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(petitioner not entitled to tolling of the one-year period of limitation for applications for state collateral relief filed after the AEDPA limitations period had already expired). Accordingly, unless equitable tolling is applicable, the instant petition is nonetheless untimely.

## EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. *Cooper v.*

*Bravo*, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing *Miller*, 141 F.3d at 978).

Petitioner's excuse for his late filing is basically "an ignorance of the law claim," in that Petitioner claims that he did not know he could apply for sentence modification without consent of the district attorney because his conviction was the result of a guilty plea. Petition, 14. It is well established that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Further, even if Petitioner could show rare and extraordinary circumstances to justify equitable tolling of the limitations period, he must also demonstrate that he has diligently pursued his federal claims. *Gibson*, 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). The undersigned finds this to be true in the instant action. The Petition shows that Petitioner waited almost eight months after his motion for sentence modification was denied to seek further state post-conviction relief. Even then, he waited over another month after his appeal of that proceeding was concluded to bring this action. Thus, Petitioner's own allegations show that he has not acted diligently in pursuing his state collateral and federal habeas claims.

Finally, the undersigned has considered whether Petitioner's allegations in

support of his request for equitable tolling raise any question as to his actual innocence. The undersigned finds that they do not. Petitioner alleges that he would not have pleaded guilty had he known that the state discretionary procedure for seeking modification of his sentence was unavailable. This argument involves legal rather than factual innocence, and is thus insufficient to equitably toll the limitations period. *Hickmon v. Mahaffey,* No. 01–5073, 28 Fed. Appx. 856, 858 n. 1 (10th Cir. Nov. 29, 2001) (finding petitioner's allegations regarding trial errors argue only "legal innocence," which does not justify equitable tolling of the limitations period in 28 U.S.C. § 2244(d)); *see also Bousley v. United States,* 523 U.S. 614, 623 (1998) ("It is important to note ... that 'actual innocence' means factual innocence, not mere legal insufficiency."). Petitioner has neither diligently pursued his claims nor alleged or presented any evidence to meet the actual innocence exception. Accordingly, equitable tolling is not appropriate here.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be **DISMISSED** as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **February 17, 2014** in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

**This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.**

**ENTERED** on January 31, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE